# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DWIGHT MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00715-CV-W-LMC |
| | ) | |
| TIMOTHY BONHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Remand and Suggestions in Support Therein (Doc. #9). For the reasons discussed below, the motion is denied.

## I. Background

On July 12, 2023, Plaintiff filed his Petition in the Circuit Court of Jackson County, Missouri naming as defendants Timothy Bonham and the Kansas City Area Transportation Authority (KCATA). (Doc. #1-2 at 3-11.) Plaintiff filed a dismissal without prejudice as to KCATA on August 25, 2023, and filed an amended petition on August 28, 2023, that added Titan Protection and Consulting, Inc. (Titan). (Doc. #1-2 at 43-51.) The parties agree that Defendant Titan was served a copy of the First Amended Petition on September 7, 2023. (Doc. #9 at 2; Doc. #11 at 3.) Defendant Titan removed the matter to this Court on October 6, 2023. (Doc. #1.) On October 10, 2023, Defendant Timothy Bonham filed his consent to removal in this matter. (Doc. #5.)

## II. Discussion

Removal of cases from state court to federal court is governed by 28 U.S.C. § 1446, which requires that the notice of removal be filed within 30 days after defendant has received the

complaint. 28 U.S.C. § 1446(b). The unanimity requirement of § 1446 requires that all defendants consent to the removal. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015). The Eighth Circuit has stated that "[i]n this circuit, it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant ... that the defendant has actually consented to the removal.'" *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012).

Plaintiff argues that the unanimity requirement was not met as the consent to removal was filed after the 30-day deadline. (Doc. #9.) In so arguing, Plaintiff cites to a Second Circuit case requiring a strict reading of § 1446(b)(2)(A) such that the unanimity requirement can only be met where notice of consent is filed within the 30-day statutory period. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021). Defendants Bonham and Titan counter that the Eighth Circuit has "declined to specify the time limit for consent to removal under § 1446(b)(2)(C)[,]" and rejected a "hypertechnical and unrealistic" reading of the unanimity requirement. *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017). Defendants further likens the facts of this case to the facts in *Couzens* and therefore argues that the Court should find the unanimity requirement met. (Doc. #11 at 6-8.) The Court, however, need not weigh in on this issue, as the notice of consent was timely.

As discussed above, Defendant Titan was served a copy of the First Amended Petition on September 7, 2023. The deadline, therefore, for Defendant Titan's notice of removal was October 7, 2023. *See* 28 U.S.C. § 1446. Because the deadline landed on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Monday, October 9, 2023, was a federal holiday, therefore, notice of removal was due no later than October 10, 2023. Defendant Titan filed the notice of removal on October 6,

2023, and Defendant Bonham filed his consent to removal on October 10, 2023. Therefore, Defendant Bonham's notice of consent was timely. *See Christiansen*, 674 F.3d at 933 (finding that there must be "some timely filed written indication" indicating consent to removal.)

It is therefore ORDERED that Plaintiff's Motion for Remand and Suggestions in Support Therein (Doc. #9) is DENIED.

　　　　　　　　　　　　　　　　　　　　*/s/ Lajuana M. Counts*
　　　　　　　　　　　　　　　　　　　　LAJUANA M. COUNTS
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE